(44 Misc. Rep. 153.)

UHLFELDER v. PALATINE INS. CO., Limited.

(Supreme Court, Trial Term, New York County. June, 1904.)

1. INSURANCE—LOSS PAYABLE TO MORTGAGEE.
   Under a policy of insurance making the loss payable to a mortgagee, the insurer is bound to see that the capacity of the property to pay the mortgage debt shall not be diminished, and that, if it is reduced by fire, the insurer will pay him the loss, though the property in its damaged condition is more than sufficient to pay the debt.

¶ 1. See Insurance, vol. 28, Cent. Dig. § 1279.

**2. SAME.**

> Where an insurance policy is payable to the mortgagee as his interest may appear, the mortgagee, in order to recover, must show that his security or interest was damaged.

Action by Simon Uhlfelder against the Palatine Insurance Company, Limited.   Complaint dismissed.

Rose & Putzel, for plaintiff.

Butler, Notman, Joline & Mynderse, for defendant.

DAVIS, J.  In January, 1901, one William Reichert bought from the plaintiff, Uhlfelder, the premises No. 319 East Seventieth street, subject to a first mortgage of $12,000 held by the New York Savings Bank, giving at the time a purchase-money mortgage of $5,000.  In July, 1901, the plaintiff parted with a one-third interest in this second mortgage to Emma Weinberg.  Reichert having defaulted in the payment of interest on the second mortgage, foreclosure proceedings were begun in July, 1902.  These proceedings resulted in a sale by a referee at public auction on the 16th of February, 1903.  Uhlfelder, being the highest bidder, became the purchaser.  The net proceeds of the sale over and above the prior liens were $2,549.56.  Two-thirds of this amount were credited to the plaintiff on his purchase, and one-third to Weinberg.  Soon after the sale Uhlfelder assigned a one-third interest in his bid to Abraham Weinberg, another one-third to Isaac Heilbrun, and retained one-third for himself.  The referee's deed was made to these three persons, and was dated March 16, 1903.  It was delivered and recorded some time in June, 1903.  The referee's report of sale was filed July 9, 1903.  The premises in question were insured under a policy issued by defendant to Reichert, the owner, for a term of three years from March 5, 1900, to March 5, 1903, at 12 o'clock noon.  A fire occurred on March 5, 1903, a few hours before the policy expired, and caused a damage of $2,900 to the building.  The policy contained the usual New York standard mortgagee clause, under which the loss or damage is made payable to the mortgagee as interest may appear.  Accordingly the plaintiff brought this action to recover the amount of the damage, $2,900, basing his right to recover upon the mortgagee clause.

It has been held that such a clause "makes an entirely separate insurance of the mortgagee's interest, and he takes the same benefit from his insurance as if he had received a separate policy from the company free from the conditions imposed upon the owners." Eddy v. London Assur. Corp., 143 N. Y. 311, 322, 38 N. E. 307, 309, 25 L. R. A. 686. Under the mortgagee clause the company undertakes that the capacity of the property to pay the mortgage debt shall not be diminished, and that, if it is diminished by fire, it will pay over the loss to the mortgagee, irrespective of the fact that the property in its damaged condition may be more than sufficient to pay the mortgage debt.  Excelsior Fire Ins. Co. v. Royal Ins. Co., 55 N. Y. 359, 14 Am. Rep 271.  As was said in the case of Hastings v. Westchester Fire Ins. Co., 73 N. Y. 146:

> "It was the evident purpose of both parties to secure the plaintiffs as mortgagees against any loss by reason of a destruction of the buildings situated upon the mortgaged premises."

It is a peculiar circumstance of this case that the fire occurred after the sale under foreclosure, but before the delivery of the deed. However, the title finally passed from the owner to the purchaser, the plaintiff herein, and for the consideration bid at the sale. It thus appears that the fire really caused no loss to the mortgagee's interest. The capacity of the mortgaged property to pay the mortgagee's debt in no wise was diminished by the fire, and the plaintiff availed himself of that capacity to its fullest extent by proceeding to sale under foreclosure before the happening of the fire; the sale having been completed by the delivery of the deed. Doubtless, if as purchaser at the foreclosure sale he had thereafter refused to take title because of the damage by fire, and the sale had been set aside on that account, the plaintiff, as mortgagee, could recover because of the damage to his security, as the foreclosure judgment of itself would not destroy his right to recover the amount of the damage under the mortgagee clause. The fire having happened after the sale, the plaintiff, as purchaser, could have refused to complete the purchase, and enforced his right as mortgagee to recover from the company the loss to the extent of his mortgage, with the right of subrogation in the company, or he might have protected himself against loss by insuring his interest as purchaser immediately after the foreclosure sale. But here the sale went through and the deed was delivered, notwithstanding the fire, and with no damage to the mortgagee's security and no lessening of the purchase price; and, as it is damage to mortgagee's security against which the defendant insured, I think the defendant is entitled to judgment dismissing the complaint, with costs.

Complaint dismissed, with costs.