FINLEY v. CUDD.

1. IRRELEVANT TESTIMONY—NEW TRIAL.—The admission of irrelevant testimony is not ordinarily a ground for new trial; but where the trial judge, in action of claim and delivery, permitted testimony to be received showing plaintiff's indebtedness to defendant in mitigation of damages, and there was a verdict for defendant, the admission of such irrelevant testi-

mony may have misled the jury, and furnishes sufficient ground for new trial.

2. AN EXCEPTION which quotes a portion of the judge's charge, and alleges that it was erroneous, is bad form, and might be disregarded, but considered in this case as to the point that was probably intended to be raised thereby.

3. CLAIM AND DELIVERY—VALUE.—In action of claim and delivery for horses seized by defendant under mortgage, if the plaintiff be entitled to recovery because the mortgage debt was not yet due, the animals themselves should be valued, and not the value of their use from the day of seizure until the maturity of the mortgage.

4. IBID.—FORM OF VERDICT.—Where defendant retains possession of chattels sued for in action of claim and delivery, a verdict for defendant is sufficient without any alternative finding fixing the value of the chattels. *Cases reviewed.*

Before NORTON, J., Spartanburg, October, 1893.

Action by Joseph Finley against J. N. Cudd & Co.

*Messrs. Duncan & Sanders,* for appellant.

*Messrs. Nicholls & Jones* and *Andrew E. Moore,* contra.

July 27, 1894. The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER. It appears that the plaintiff had given a lien on his crop for the year 1891 to the defendants to secure advances, and some time in the latter part of that year an arrangement was entered into between the parties whereby the defendants were to take up a mortgage then past due, held by one Mitchell, on a mare and colt belonging to plaintiff, with the understanding that if the plaintiff would gather his crops and apply the same to the lien held by defendants, they would indulge him for the balance due on the Mitchell mortgage until the fall of 1892. Soon after the Mitchell mortgage was transferred to defendants, they, alleging that plaintiff was neglecting to gather his crop and permitting the same to waste in the field, seized the crop under a warrant to enforce the lien, and about the same time obtained possession of the mare and colt covered by the Mitchell mortgage, and sold the same under said mortgage. Exactly how the defendants obtained possession of this

mortgaged property was one of the disputed questions of fact in the case, the plaintiff claiming that the same was seized by one Holt, as the agent of the defendants, under the mortgage, while the defendants claimed that the plaintiff voluntarily delivered the mare and colt to them.

Thereupon this action was brought to recover the possession of the mare and colt, plaintiff insisting that under the arrangement made with the defendants at the time they obtained an assignment of the Mitchell mortgage, the plaintiff was entitled to retain the possession of the animals until the fall of 1892. The defendants, on the other hand, insisted that by reason of the plaintiff's breach of the agreement to gather his crops and apply the same to the debt secured by the agricultural lien, they were not bound to wait until the fall of 1892, before enforcing the payment of the balance due on the Mitchell mortgage, but were justified in proceeding immediately to do as they had done. The defendants in their answer set up a counter-claim for the balance due them under the agricultural lien as well as a balance due them on a mortgage given by plaintiff to one Floyd, which had been assigned to defendants.   To this counter-claim the plaintiff demurred, and his demurrer was sustained and the counter-claim was stricken out.   The testimony adduced, which is set out in the "Case," was conflicting, especially as to who first violated the agreement mentioned above, and in the course of the testimony the defendants, against the objection of the plaintiff, were allowed to prove what was the total amount due to them by the plaintiff, the Circuit Judge ruling that such testimony was admissible in mitigation of damages.

The Circuit Judge, in the outset of his charge, seems to have treated the case as if it was an action by the plaintiff to recover damages from the defendants for their violation of the agreement, not to foreclose their mortgage on the mare and colt until the fall of 1892; whereas, the true nature of the action seems to have been to recover possession of the mare and colt, together with damages for the alleged unlawful seizure and detention thereof.   When counsel for plaintiff called the attention of the court to this misconception of the nature of the action, and offered to allow the case to be considered as an ac-

tion for damages simply, counsel for defendants declined the offer, and the Circuit Judge then proceeded to instruct the jury that in an action for the recovery of personal property, the form of the verdict was prescribed by statute, and used these words: "The form of your verdict will be: we find for the plaintiff the possession of the property in dispute, and if possession cannot be had, then so many dollars the value thereof, and so many dollars damages. In that event, you would not calculate at all the loss of the animals as any part of the damages, but you would value the use of the animals for the year, and return that value as the value of the animals on the limited title that the plaintiff alleged that he had. As I understand the complaint, it is for the use of the property for one year, and then whatever damages you think the plaintiff would be entitled to. If you find for the defendants, you simply say you find for the defendants." The jury returned the following verdict: "We find for the defendants," and judgment having been entered thereon, the plaintiff appeals upon the several grounds set out in the record.

The first, second, and third exceptions, in different forms, impute error to the Circuit Judge in admitting the testimony of defendants showing the amount due by the plaintiff to the defendants, "in mitigation of damages." After the demurrer to the counter-claim had been sustained, we do not see any ground upon which such testimony could have been admitted, as it certainly was in no way relevant to any of the issues in the action. While it is ordinarily true, that an error in admitting irrelevant testimony will not constitute a ground for a new trial, yet, if it appears that the admission of such testimony tends to mislead the jury, then it does become an error of which this court can take notice. If, as the Circuit Judge instructed the jury, the plaintiff, if entitled to recover at all, could only recover the value of the use of the animals for one year, which some of the witnesses placed as low as twenty-five dollars, and if the testimony in question was admissible in mitigation of damages, the jury may have supposed that the plaintiff had really sustained no real damage at all, for the testimony objected to showed that the plaintiff

still owed the defendants the sum of seventy-seven dollars. It seems to us, therefore, that the admission of this testimony tended to mislead the jury, and prejudice the plaintiff.

The fourth and fifth grounds of appeal were not pressed in the argument here, and need not be considered, especially as we are satisfied that they could not be sustained.

The sixth ground of appeal imputes error to the Circuit Judge in charging the jury as follows: "The form of your verdict will be, 'we find for the plaintiff the possession of the property in dispute, and if possession cannot be had, then so many dollars the value thereof, and so many dollars damages. In that event, you would not calculate at all the loss of the animals as any part of the damages, but you would value the use°of the animals for that year, and return the value as the value of the animals on the limited title that the plaintiff alleged he had.'" Before proceeding to discuss this exception upon its merits, it is proper to notice an objection to its consideration at all, which has been interposed by counsel for respondent, to wit: that the exception is simply a quotation from the judge's charge, and does not point out any specific error. It is true, that this court has taken occasion in several cases to condemn this mode of stating an exception; and, very possibly, if there was no other error in this case, it would not be considered. But, as the case has to go back anyhow, we will not decline to consider the point which was, doubtless, intended to be made by this exception, as it may save another appeal.

This point, as we gather from the argument of counsel, is, that there was error in directing the jury, in estimating the value of the animals, to confine their estimate to the value *of the use* of the animals for a year, without regard to their absolute value as property. Where a mortgagee, without authority of law, seizes a mortgaged chattel before breach of the condition of the mortgage, and the mortgagor brings his action to recover the possession of the chattel, it seems to us that he would be entitled to a verdict for the recovery of the possession of such chattel, and in case possession cannot be delivered, then for the absolute value of the chattel,

and not merely for the value of its use for the time intervening between the seizure and the maturity of the mortgage debt, for the simple reason that, until breach of condition, the mortgaged property belongs absolutely to the mortgagor, subject only to a lien for the payment of the debt. Any other view would require us to assume, without any evidence, that the mortgagor would not pay the mortgage debt at maturity. It seems to us that so much of the charge as required the jury to confine their estimate of the value of the mortgaged property to the value of its use for the year, was erroneous.

The seventh ground is open to the same objection as that interposed by respondent to the sixth ground, but for a similar reason we will not decline to consider it in this case. The point of this ground is, that the Circuit Judge should have directed the jury to find a verdict in the alternative, instead of simply a verdict for the defendant. It must be admitted that the language of section 283 of the Code, under which this question arises, is not as clear as it might be. So much of that section as relates to this matter reads as follows: "In an action for the recovery of specific personal property, *if the property have not been delivered to the plaintiff*, or if it have, and the defendant, by his answer, claim a return thereof, the jury shall assess the value of the property, if their verdict be in favor of the plaintiff, or if they find in favor of the defendant, *and that he is entitled to a return thereof.*" The words which we have first italicized in the foregoing quotation would seem to imply that even where, as in the present case, the property in dispute has not been delivered to the plaintiff, and the verdict is for the defendant, that it must be in the alternative; but the words last italicized would seem to repel such an inference, and to require an alternative verdict only where the defendant is entitled to *a return* of the property, which is not the case here.

This provision of the Code has been applied in several cases, but none of them appear to be like the present. In *Robbins* v. *Slattery*, decided as far back as November Term, 1878, and reported in a note to *Lockhart* v. *Little*, 30 S. C., at page 328, the property in dispute had been taken from the possession of the

defendant and delivered to the plaintiff under proper proceedings for that purpose authorized by the Code, and the defendant in his answer claimed judgment for the return of the property or its value, and it was held that a verdict for the defendant for $250, the value of the timber, could not be sustained, as it practically deprived the plaintiff of the right to return the property. In *Bardin* v. *Drafts*, 10 S. C., 493, the property in question was taken from the possession of the defendant by proper proceedings and delivered to the plaintiff. The verdict was in the following form: "We find for the defendant the return of the property or $507.95," and it was held in conformity to the statute, because practically it was a verdict for the return of the property or for its value. In *Eason* v. *Miller & Kelly*, 18 S. C., 381, a verdict in the following form: "We find for plaintiff, patterns the value of $100," was set aside, as not in conformity to the statute. This case, however, throws but little light on the present inquiry, as the main objection to the verdict was its want of definiteness as to the number and character of the patterns intended. In *Thompson* v. *Lee*, 19 S. C., 489, the property in question was taken from the possession of defendant and delivered to plaintiff under proper proceedings for that purpose, and a verdict in this form: "We find for defendant one dollar," was set aside on the ground, amongst others, that it should have been in the alternative. In *Archer* v. *Long*, 32 S. C., 171, the property in dispute was taken from the possession of defendant and delivered to plaintiffs, and a verdict in the following form: "We find for the defendant the property in dispute," was set aside for want of conformity to the statute.

It will thus be seen that the question here presented has never yet been passed upon by this court. For in the present case the property in dispute was not taken from the possession of the defendants, and there was no necessity, therefore, for them to demand a return thereof, and no necessity for an alternative verdict. It seems to us that the real object of the section of the Code under which this question arises is of a twofold character—first, to protect the rights of the true owner to regain possession of his property in specie, if practicable; second, to save the party who may be innocently, but illegally, in the

possession of the property of another from being compelled to pay such value as the jury may see fit to place upon the property, by giving him the alternative of returning the property to its rightful owner, and only paying such damages for its detention as may be determined to be proper. We do not think, therefore, that the seventh ground of appeal can be sustained.

To avoid any misapprehension, we desire to add that we are not to be understood as expressing or even intimating any opinion upon the question, which lies at the very foundation of plaintiff's claim, to wit: whether, under the agreement between the parties, the defendants were bound to wait until the fall of 1892, before proceeding to enforce the Mitchell mortgage. That is a question of fact for the jury; which must be submitted to them under proper instructions; and the only reason why we grant a new trial is, that there is reason to apprehend that, under the instructions given at the former trial, the jury may have been misled to the prejudice of the plaintiff.

The judgment of this court is, that the judgment of the Circuit Court be reversed, and that the case be remanded to that court for a new trial.