6904

## CAUTHEN v. HARTFORD LIFE INSURANCE CO.

1. INSURANCE.—Request of insured for a different policy with change of beneficiary is no evidence of refusal to accept policy issued, and here the insurer treated the policy as valid by requiring of insured the same security against demands under the first policy, which had been lost, as it required against a valid policy lost.

2. IBID.—PRESUMPTIONS.—Delivering policy presumes payment of premium. But here, from fact of delivery, failure of agent to demand payment and act of company in referring to the policy as "issued" and "granted" and by number, in form sent to insured to obtain a different policy and to secure company against any demand on account of the lost policy, jury may have inferred credit was extended insured.

3. EVIDENCE.—LETTERS of president of insurance company to the insured, as an agent of his company, commending his prompt settlements, were irrelevant here, but their admission was not prejudicial error.

4. IBID.—INSURANCE.—That insured had not solicited credit as an affirmative fact was competent under the evidence in this case, but its exclusion harmless, as the witness had previously testified to practically the same fact.

5. IBID.—IBID.—Letter of general agent to a local agent of an insurance company requesting return of other policies and making no reference to the one issued on the life of the local agent is competent on the issue of extension of credit to the local agent for premiums due on his own policy.

6. ISSUES.—Whether a lost contract, alleged to be in writing and proved by secondary evidence, was in fact in writing, is for the jury.

7. IBID.—INSURANCE—WAIVER.—Under the evidence in this case, the judge properly submitted to the jury whether the insurance company, through its general agent, had delivered the policy as a binding contract on a promise to pay, and thus waived payment of first premium in cash.

Before GARY, J., Anderson, Spring term, 1907. Affirmed.

Action by Lewis E. Cauthen against Hartford Life Insurance Company. From judgment for plaintiff, defendant appeals.

*Messrs. DePass & DePass* and *E. M. Rucker,* for appellant, cite: *Admission of irrelevant and incompetent evidence prejudicial to appellant:* 42 S. C., 121; 32 S. C., 547; 23 S. C., 105. *Letters furnish no evidence of waiver of conditions of policy, hence are not competent:* 78 S. C., 78; 76 S. C., 248; 75 S. C., 97; 67 S. E., 57; 62 N. W., 721. *Delivery of policy containing requirement of paying premium as condition of validity, does not waive this condition:* 1 Cooley on Ins., 460; 1 S. E., 796; 16 Wall., 203; 102 U. S., 108. *There being no evidence of waiver of this condition, nonsuit should have been granted:* 52 S. C., 228; 29 S. C., 303; 31 S. C., 337; 54 S. C., 599; 26 S. C., 490. *Request that contract was in writing should have been given jury:* 15 S. C., 32. *Application is part of contract of insurance:* 77 S. C., 191. *Intention of parties to a written contract must be ascertained*

*by construction of contract:* 15 S. C., 32; 38 S. C., 417; 6 S. C., 353; 1 McC., 462; Green. Ev., secs. 276-7. *Judge must construe written instruments:* 39 S. C., 375, 281, 383; 42 S. C., 58; 53 S. C., 95; 27 S. C., 376; 16 S. C., 360; 13 S. C., 332. *When payment of premium during life of insured is required by policy, policy is void if such payment is not made:* 7 Fed. Cas., 141; 102 U. S., 108; 79 S. W., 279; 1 S. E., 796; 64 N. W., 876; 37 S. C., 134; 87 Fed. R., 63.

*Messrs. J. E. Breazeale* and *Bonham, Watkins* and *Allen,* contra, cite: *Relevancy of evidence is largely a matter of discretion:* 65 S. C., 265; 76 S. C., 142. *General agent may waive condition precedent of payment:* 2 Biddle on Ins., 332, 344-5; 57 S. C., 358; 96 U. S., 689; Ostrander on Ins., secs. 87, 59; 72 S. C., 216.

May 1, 1908. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The complaint alleges a contract by the defendant to insure the life of Carlis T. Cauthen for the benefit of his father, the plaintiff, for the sum of one thousand dollars. The contract was evidenced by a policy of insurance issued to Carlis T. Cauthen, but in his lifetime destroyed by fire. The answer admits the delivery of the policy mentioned in the complaint, but denies there was ever any contract of insurance for two reasons: First, it is alleged the policy was sent according to the custom of the company to Carlis T. Cauthen, called Charles T. Cauthen, who was the agent of defendant at Anderson, S. C., for inspection and acceptance, sixty days being allowed within which to accept and pay the premium; Carlis T. Cauthen, within sixty days, refused to accept the policy, and requested a policy of a different kind, with his wife instead of his father as beneficiary; and though defendant furnished Cauthen with papers to be signed in order to have the change made, yet he failed to execute and return the same. Second, it is alleged neither Cauthen, the insured nor any one in his behalf, paid the

premium for the policy written within sixty days after its delivery nor at any other time before his death, and hence there was an entire failure to meet this stipulation contained in the application, which was attached to the policy and made a part of it: "I also agree that any policy issued hereon shall not be binding upon the company until said policy shall have been delivered to me during my lifetime and good health, and the amount of the premium thereon been received by said company or its authorized agent, and a receipt given therefor, signed by the president or secretary of said company."

The plaintiff recovered judgment for the amount claimed, and the defendant's appeal raises issues as to the admission and exclusion of testimony, the refusal to grant a nonsuit, the charge to the jury, and the refusal to grant a new trial. Cauthen received the policy two or three days after its date, which was 28th June, 1906, and died 19th October following.

The other points in the appeal will be made clearer if the motion for nonsuit be first considered.

The request of Cauthen for a new policy on different terms, with a change of the beneficiary, was no evidence that he had refused to accept the policy sent to him. He said in his letter the policy had been burned, and precisely the same security from Cauthen was required by the company to save it harmless against the lost policy before issuing another, as would be required in case of loss of a policy of acknowledged validity. The request for a change of policy proves nothing for or against the validity of the policy.

The main issue is made by the second defense set up in the answer that the payment of the premium was a condition precedent to the validity of the policy and had not been complied with. Was there any evidence of its payment, or of extension of credit for it?

In the consideration of these and all other questions in the cause, it is important to have in mind the fact that Cauthen

was the agent of the defendant company in Anderson, and all policies written for his territory were sent by the company to Marion Rich, the general agent for the State, residing in Columbia, and by him to Cauthen for collection of the premium and delivery of the policy. The company charged to Rich the premiums on all policies sent to him, and Rich in turn kept an account with Cauthen and charged him with premiums on all policies transmitted to him. Upon the return of a policy not accepted credit was given by Rich to Cauthen, and by the company to Rich, for the amount of the uncollected premium. Rich thus testified to instructions given orally to Cauthen: "I instructed him that he had sixty days in which to settle premiums for the company, and that those premiums must be settled immediately as soon as collected, and that we had no right to hold out any policy beyond sixty days from the company, without the written permission from the company, and in the event the company would grant an extension of thirty days more, that was as long as it could be held." He further testified the policy was sent to Cauthen for inspection, acceptance and payment of the premium within sixty days, according to the usual custom.

Cauthen could not be agent for the company in dealing with himself. In this transaction, therefore, it must be considered the insurance company was represented by Rich, and Cauthen was acting for himself. The paper introduced by defendant as a copy of the form of printed policy sent to Cauthen recites: "In consideration of the agreement contained herein and of the application herefor, which are hereby made a part of this contract, and of the payment of the premium of        dollars on or before the        day of        hereby insures the life of        ," etc. The delivery of the policy was an acknowledgment of the receipt of the premium, because the delivery was not to take place except upon payment before or at the time of delivery. It is true this acknowledgment of payment, like other receipts, was not conclusive evidence of payment, but it was *prima facie* evi-

dence, and cast the burden on the insurer to show the premium was not in fact paid. It was for the jury to say whether the evidence of payment, furnished by the delivery of the policy, was sufficiently rebutted by the evidence of Rich, the general agent, that the premium had not been paid.

But if it be assumed payment had not been made, there was certainly ground for the inference that credit had been extended for the premium. It is said in *Dargan* v. *Equitable L. A. Society,* 71 S. C., 356, 359, 51 S. E., 125: "As insurance agents should not, and as a rule do not, deliver over policies without payment of the premiums, unless they intend to give credit, the mere fact of delivery without demand of the premium raises a presumption that credit is intended." The evidence of Rich, the general agent, is relied on to show there was no credit extended and that the policy was sent to Cauthen on the usual conditions that the policy was to be accepted or rejected and the premium paid in sixty days. But the testimony of Rich as to the letter transmitting the policy is very vague, and it is very significant that in his correspondence, while urging the prompt settlement of premiums to be paid by other parties, he makes no demand for the premium due by Cauthen himself for the policy in his possession.   It is also significant that the account and agency contract between Rich and Cauthen, records of utmost importance, were not produced by the defendant.

There is strong evidence that the insurance company itself regarded the policy as an outstanding liability. Though the sixty days, testified to by Rich as the limit for the examination of the policy and payment of the premium, had passed, there is no evidence of any effort by the company to cancel the policy or of any complaint from it of non-payment of the premium.   On the contrary, in the forms sent to Cauthen to enable him to obtain a different policy by giving the company security against any demand, on account of that before sent to him, the policy is identified by number and referred to in two of the papers as "issued," and in another

as "granted," to Carlis T. Cauthen. We think there was abundant evidence for the jury to infer, if the premium was not paid, credit was extended for its payment by Rich with the acquiescence of the company, and that the credit had not expired at the time of Cauthen's death. The motion for nonsuit, therefore, was properly refused.

Complaint is made to the admission of two letters of Lewis B. Gordon, vice-president of the company, to Carlis T. Cauthen, commending his work and prompt settlements. These letters were irrelevant, but they could not have had any effect to mislead the jury; and their admission is, therefore, no ground for reversal. *Finley* v. *Cudd*, 42 S. C., 121, 20 S. E., 32.

There was no reversible error in refusing to allow Marion Rich to answer the question whether Cauthen had asked for credit for the premium, and whether such credit had been extended. Whether the agreement between the parties showed an extension of credit was one of the issues in the case to be passed upon by the jury, but it was nevertheless competent for the witness to testify that Cauthen had not solicited credit, as an affirmative fact. The error of excluding the evidence was harmless, however, for the witness had just testified Cauthen had no agreement whatever for the payment of the premium different from the requirement that it should be paid in sixty days.

The letter of Rich to Cauthen of 2d October, 1906, was clearly competent and of probative value, because, although the sixty days allowed , as Rich testified, for the payment of the premiums had then elapsed, and Rich, in the letter, was urgently demanding the return of the policies or the payment of the premium for them, and reexamination of the parties, yet he says nothing of Cauthen himself being in any default.

The defendant's first request to charge was: "The jury are instructed that the contract between the parties in this case was in writing." In giving this instruction the Circuit

Judge modified it by saying: "The same, gentlemen, if you believe the testimony of the witnesses, that it was a contract. It was not before me. You heard the testimony about the policy and about what it was, and that is a question for the jury." Certainly the defendant cannot complain of the Circuit Judge refusing to charge there was a written contract and leaving it to the jury to say whether the writing purporting to be a contract was ever one in fact; for the contention of the defendant throughout was that there was never any contract of any kind, because the conditions upon which the policy was to take effect had not been complied with. In addition to this, the policy was not before the Court and its terms depended upon the parol testimony of witnesses, which it was the province of the jury to consider. These observations apply also to the modification of the second request to charge.

As we have seen, there was some evidence of waiver of the requirement that the premiums should be paid in cash and of the extension of credit; and it was, therefore, proper to refuse the request that the contract of insurance never took effect unless the premium was paid during the lifetime of the insured, and while he was in good health.

The application for insurance introduced in evidence as a copy of that attached to the policy held by Cauthen, contains the usual stipulation against waiver of any of the conditions of the policy by any agent. The Circuit Judge refused to charge these requests, which were based on these stipulations of the application: "That a condition precedent of a contract of insurance cannot be waived except by the company itself, or a duly authorized agent, whose authority to make said waiver must be specifically shown where agents generally are prohibited by the terms of the contract of insurance from waiving its condition without the approval of the company evidenced in the mode or way provided by said contract."

"That the contract of insurance herein relied upon by the plaintiffs prohibits any agent to waive any condition of the contract except by consent of the company indorsed upon said contract." But in the general charge the Circuit Judge gave these very explicit instructions to the jury: "I charge you that if this policy was delivered to Cauthen by Rich, and if Cauthen did not accept it, if he never relied upon it, if he accepted it only to examine and look at it, to see whether or not he would take it, as a matter of law, and as a matter of common sense, there was no contract between Cauthen and the Insurance Company.

"I charge you further, that if the contract between the parties was that Cauthen should make the first payment before the policy should take effect, and he stood upon that, and Rich stood upon that, and both understood that was the purpose and mind of the parties, then the contract evidenced by the insurance policy was of no force and effect. But, I charge you further, if the policy was delivered, and if Rich, by express words of his mouth, or by his conduct, from which you could infer, or his intent was to credit Cauthen, and that he, Rich, looked upon the policy as a binding thing, and that Cauthen looked upon it as a binding thing, and he intended for Cauthen to pay it when he could, the company is bound, whether the policy said the first payment should be in cash or not. So the pivotal question is, did Rich waive that condition in the policy; and waiver means the intentional abandonment of a known right. That is to say, if Rich knew he had a right to rely upon the provision, that the first payment should be paid in cash, he knew he had a right to exact that, and he forebore that and credited Cauthen, then the Company is bound."

Rich was the general agent of the insurance company. When the company sent to him a policy of insurance in advance of the payment of the premium in money, which expressed that it was issued in consideration of the payment of a certain premium, it put in Rich's hands the power to arrange for the payment of the premium, and to take a note

or other promise as payment in lieu of cash payment. If there was any such arrangement for credit, it became a part of the contract of insurance. As we have seen, there was not only evidence that Rich made such an arrangement, but that the company acquiesced in it. The Circuit Judge was, therefore, within the law in refusing to charge that the right of recovery depended on the strict compliance by Cauthen with the exact terms of the policy as written, and in submitting to the jury the question whether the company, through Rich, its general agent, had delivered the policy as a binding contract on a promise to pay, and thus waived payment in cash. *Hollings* v. *Bankers' Union,* 63 S. C., 192, 41 S. E., 90; *Dargan* v. *Equitable Life Insurance Company,* 71 S. C., 356, 51 S. E., 125; *Hagins* v. *Ætna Life Insurance Company,* 72 S. C., 216, 51 S. E., 683; *Fludd* v. *Equitable Life Insurance Society,* 75 S. C., 315, 55 S. E., 762; *Knickerbocker Insurance Company* v. *Norton,* 96 U. S., 234, 24 L. Ed., 689; *Snyder* v. *Nederland Insurance Company* (Pa.), 51 Atl., 744. Numerous cases sustaining the doctrine and citing *Knickerbocker Insurance Company* v. *Norton,* will be found in 9 Rose's Notes, 407.

The opinion of this Court is, that the judgment of the Circuit Court be affirmed.