14503

CHARLOTTE BARBER SUPPLY CO., INC., v. BRANHAM *ET AL.*

(191 S. E., 891)

Mr. D. M. *Winter,* for appellant, cites:

Mr. *Hunter A. Gibbes,* for respondent, cites:

June 17, 1937.

The opinion of the Court was delivered by MR. JUSTICE FISHBURNE.

This is an action in claim and delivery for the recovery of specific personal property, consisting of certain barber chairs, mirrors, lavatories, etc., claimed by the plaintiff, on account of an alleged breach of a conditional sales contract, executed by the defendants.

After service of the complaint, which complaint was accompanied by the usual affidavit and bond, the defendant, M. C. Brànham, filed a replevy bond, and retained possession of the property. He answered, setting up several defenses and a counterclaim. Upon motion, the county Judge, by an order dated January 18, 1936, struck out certain parts of the answer and counterclaim, and directed and required the defendant, Branham. to serve an amended answer in place of the original answer, and for this purpose allowed him ten days from the date of the order. The defendant, Branham, served notice of intention to appeal to the Supreme

Court from this order, which appeal was never perfected; and, upon motion, was dismissed and never reinstated.

The defendant did not serve an amended answer, but upon the trial of the case, on September 21, 1936, his attorney was permitted to cross examine the plaintiff's witnesses and make an argument to the jury.

The defendant, Setzer, filed an answer, admitting all of the allegations of the complaint, and expressing the wish that the property be immediately delivered to the plaintiff.

The only evidence disclosed by the record, bearing upon the value of the property in dispute, is embraced in the following statement: "There was some testimony which tended to show the value of the property to be about $850.00." Under the evidence, the trial Judge instructed the jury to bring in a verdict in favor of the plaintiff, and limited their finding to the value of the property. The jury returned the following verdict:

"We find for the plaintiff the possession of the property mentioned and described in the complaint and affidavits, and in case possession cannot be had; then for its value, to wit: Two Hundred Dollars."

Immediately after the verdict was published, the plaintiff's attorney gave verbal notice of a motion for a new trial. At the same time, the defendant, Branham, offered to pay the value of the property as assessed by the jury, with costs, and moved for an order discharging the lien of the plaintiff's conditional sales contract, and directing that his bondsmen be released, upon such payment. By agreement both of these motions were marked heard, and were taken up later. At the subsequent hearing, the plaintiff abandoned its motion for a new trial, and moved for an order for delivery of possession of the property described in the complaint, which was admittedly in the possession of the defendant, Branham, when the action was commenced, and continuously from that date to the time it disappeared from his barber shop in the City of Columbia, on the night of October 28, 1930.

After hearing argument on the motion made by the defendant, Branham, the County Judge passed an order on October 31, 1936, holding that the plaintiff was entitled to the actual possession of the property in specie, and that Branham did not have the legal right to pay the value fixed by the jury, and costs, and retain possession. The County Judge further held that the defendant would have the right to pay the value found by the jury only in the event such property had been destroyed or irremediably lost so that its possession could not be had. The Court refused the motion, and ordered the delivery of the specific articles of personal property.

The defendant, Branham, has appealed from this order, and intermediate orders, upon numerous exceptions, but it is conceded that the vital question at issue is whether or not he has the option under the law and under the verdict of the jury, either to deliver to the plaintiff the specific property, or to pay its value as assessed by the jury, and have the judgment satisfied and his replevy bond released.

Before passing upon this issue, we should perhaps, give a brief recital of other events which followed fast, after the rendition of the trial Judge's order, all of which appear in the record—whether properly or improperly is beside the point.

The plaintiff entered up judgment on the verdict on October 28, 1936, on which night, it is admitted, all of the property involved in this controversy disappeared from the barber shop of the defendant, Branham. An execution on the judgment was issued the following day, October 29, 1936, upon which the sheriff of Richland County made a return to the effect that the property could not be found at Branham's place of business in the City of Columbia, and that the latter disclaimed knowledge of its whereabouts.

A second execution was issued on November 2, 1936, with like result.

Thereafter, in rapid succession, the plaintiff, in its effort to discover and gain possession of the property, pursued various legal steps. It obtained a rule directed to the defendant, Branham, requiring him to show cause why he should not be adjudged in contempt. Upon motion of the defendant, before the County Judge, this rule was dismissed as being premature, upon the ground that he had not been first examined in supplementary proceedings. Thereafter he was examined in supplementary proceedings, and testified, under oath, that he did not have the property, and did not know where it was, but that it was taken from his place of business on the night of October 28, 1936. At this hearing, he again tendered the sum of $200.00 and costs, conditioned upon the release of the lien and the discharge of his bond, but such tender was again refused.

Shortly afterward the plaintiff obtained the appointment of a Receiver of the property, who was directed to obtain possession of it, and hold it subject to the order of the Court. In consequence of a report made to the County Judge by the Receiver—the contents of which we need not go into—his Honor issued another rule, directed to the defendant, Branham, directing him to show cause why he should not give full and complete information as to the whereabouts of the property in controversy; why he should not make immediate delivery thereof to the plaintiff, and why he should not be adjudged in contempt of the Court on his failure to do so. However, this rule, and the previous order whereby a Receiver was appointed, and all other orders passed by the County Judge in this voluminous proceeding, were vacated and dismissed by him in an order dated November 27, 1936, upon a motion therefor made by the defendant, Branham. This order was based upon the ground that the County Court had no further jurisdiction of the cause subsequent to November 7, 1936, which was the date the defendant served notice of appeal to this Court.

There is no merit in the contention made by the appellant

that he may, at his option, deliver the property in dispute, or pay the value thereof as assessed by the jury. The appellant overlooks the vital point that he may pay the value only in the event possession of the property cannot be had. This claim advanced by the defendant, under the admitted facts, is arresting and startling in its implications. The principle involved is utterly untenable, and contrary to the statute.

In actions in claim and delivery for the recovery of specific personal property, the first object of the Code (Section 602) is to protect the rights of the true owner in obtaining possession of his property in specie, if practicable. *Finley v. Cudd,* 42 S. C., 121, 20 S. E., 32, L. R. A., 1915-E, 199.

In such actions, the prevailing party, under the law, and under a verdict of this character, should have the right and opportunity to first exhaust every available and appropriate remedy known to the law, in the effort to locate and gain possession of the property in dispute, before he should be required or forced to accept the alternative verdict, the value assessed by the jury.

We have considered the exceptions relating to matters disposed of by the County Judge in his order striking out certain portions of the counterclaim and defenses and requiring the answer of the defendant, Branham, to be made more definite and certain. We think the County Judge was correct, and find no error in his action in this regard.

The appellant raises the issue, that an action having been commenced by plaintiff against the defendant and his sureties, in the Court of Common Pleas for Richland County, in which they are charged with fraudulently conspiring to conceal the property in the attempt to compel the plaintiff to accept $200.00 in place of the property, in specie—an election on the part of the plaintiff is shown, and further proceedings in this case are barred. This question is not relevant to this appeal. Nor is it properly before this Court. We will not undertake to anticipate or decide legal issues of that

character .until they are properly before us in a cause in which they arise.

This cause is remanded to the County Court of Richland County for the institution by the plaintiff of such appropriate proceeding or proceedings as it may be advised, to obtain possession of the property.

All exceptions are overruled, and the judgment of the lower Court is affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BONHAM and BAKER concur.