FIELDER et al. v. HOUSTON OIL CO. et al. (No. 29–2661.)

(Commission of Appeals of Texas, Section B. March 5, 1919.)

1. ADVERSE POSSESSION ⬡98—INCLOSURE—CLAIM LIMITED TO TRACT INCLOSED.

Where a party's improvements were all on a certain survey, and there was no visible evidence of his claim to the land in controversy in another survey, except an encroachment by fencing a small portion thereof, there was no such possession of the land as gave notice of any claim except as to that inclosed.

2. APPEAL AND ERROR ⬡1178(6)—REMANDING CASE FOR FURTHER EVIDENCE.

As the burden is on one claiming land by adverse possession for the period of limitation by fencing to identify the particular land to which he was entitled under plea of limitation, he cannot complain that on appeal the cause was remanded to afford him an opportunity to supply the defect by evidence without grant of new trial.

3. APPEAL AND ERROR ⬡714(1)—FACTS OUTSIDE OF RECORD—CONSIDERATION.

Alleged facts outside of the record may not be considered upon appeal.

On rehearing. For former opinion, see 208 S. W. 158. Motion for rehearing overruled.

MONTGOMERY, P. J. It is insisted by Stephens in his motion for rehearing that we misstated the facts in saying that Teel acquired the five acres on which his improvements were situated in the Jordit survey in the year 1884.

[1] This statement was based on the testimony of Teel that he moved upon this land in the year 1884, and that he had resided on it every hour since. Teel further testified that all his improvements except the fencing was

situated on the five-acre tract out of the Jordit survey. It can really make no difference whether he owned the five-acre tract or not. If all his improvements were on the Jordit survey, and there was no visible evidence of his claim to the land in controversy except an encroachment by fencing a small portion thereof, whether it was two acres or twenty acres, there was no such possession of the land in controversy as gave notice of any claim of Teel outside the land actually inclosed by him.

[2] It is also insisted that we should have, as between the plaintiffs and Stephens, reversed and remanded the case for a new trial, and that we erred in limiting the investigation to a determination of the amount of the land in controversy actually inclosed by Stephens and directing that judgment be entered in his favor for the land so inclosed and for the plaintiffs for the remainder.

We might very well have advised that judgment be here rendered for the plaintiff for all the land in controversy, as the burden was on the defendant Stephens to identify the particular land to which he was entitled under his plea of limitation, but in the interest of justice we did not take that course, as we believed it better to permit Stephens to supply the defect in the evidence by showing the amount of the land in controversy between him and the plaintiff which was included within his inclosure.

[3] Our attention is called to certain alleged facts outside the record, but we are not at liberty to consider anything except the record in this case.

With this explanation we advise that the motion of Stephens and of the Houston Oil Company for rehearing be overruled.