HUEY & PHILP v. GEORGE W. EWELL, ADMINISTRATOR.

Decided February 21, 1900.

**Insurance Not Payable to Mortgagee, When—Covenant to Repair Controls.**

Where a mortgage of a building contained a covenant to keep the property in repair and another to keep it insured for the benefit of the mortgagee, and it was so insured, in the mortgagor's name, but with the insurance payable to the mortgagee as his interest might appear, and after the mortgagor's death the building was damaged by fire, but was repaired by his executors with funds of the estate and put in as good condition as before, the insurance money due for the damage was payable to the executors, and could not be claimed by the mortgagee.

APPEAL from Dallas.    Tried below before Hon. RICHARD MORGAN.

*McCormick & Spence,* for appellants.

*Harry P. Lawther,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—This is a controversy originating in the probate court of Dallas County, Texas, between Huey & Philp as creditors of the estate of Dr. George W. Ewell, deceased, and the appellee herein, George W. Ewell, Jr., as administrator of said estate, as to the right to certain insurance moneys arising under policies covering property of the estate which was damaged by fire, the fire loss having been adjusted with the insurance companies at the sum of $792.    Each of the parties hereto, Huey & Philp, the appellants, and George W. Ewell, the administrator, etc., appellee, claims the exclusive right to said moneys.    The probate court of Dallas County, in which the administration upon the estate of Dr. George W. Ewell, deceased, had been opened and was pending, by its order awarded said moneys to the said Huey & Philp.    From this order George W. Ewell, Jr., as administrator of said estate, appealed to the District Court of the Forty-fourth Judicial District of Texas at Dallas.    In that court, upon a trial before the judge without a jury, and on the 14th day of July, 1899, the administrator obtained a judgment for said fund in controversy, and said court by its order directed the administrator to collect said insurance moneys and hold the same as administrator until the final settlement in the probate court of said estate, a copy of which order was directed to be certified to the probate court of Dallas County for observance, and the costs of the proceedings were adjudged against Huey & Philp.    Huey & Philp gave notice of appeal, and having perfected their appeal, bring the case to this court for revision, and here ask that they have judgment in this court for the fund in controversy.

The conclusions of fact as found by the trial judge are as follows:

"1.    Administration upon the estate of Dr. George W. Ewell, deceased, is now pending in the County Court of Dallas County, Texas, and the plaintiff, George W. Ewell, is the administrator of said estate.

· "2.  The defendants, Huey & Philp, are creditors of said estate, their debt being evidenced by a note for $18,500, besides interest and attorney's fees, executed by said decedent ·and his wife in the liftime of said decedent, which said note matured on March 14, 1898, and is secured by a deed of trust executed by said decedent and his wife to one George A. Trumbull, as trustee for Huey & Philp, upon certain improved real estate in the city of Dallas, Texas, on which the insurance hereinafter mentioned was effected,—said deed of trust containing, among others, the following covenants on the part of the grantors therein, to wit:

" 'That we will keep the buildings now on said premises, or that may hereafter be erected thereon, insured in such company or companies as the said George A. Trumbull, trustee, or his successors hereunder may select, for the benefit of the legal holder or holders of said note, in the sum of not less than $5000, and will deliver the policy or policies, with proper indemnity clause attached thereto, from time to time as the same may be renewed, to the said George A. Trumbull, trustee, or to his successors hereunder, hereby giving and granting to said trustee and his successors hereunder full power to demand, receive, and collect, by suit or otherwise, and give receipt for, all such insurance money as may become due under said policy or policies, by reason of destruction or damage to said premises by fire.  Said insurance money to be applied to the payment of said note, principal and interest then accrued thereon, the receipt of said trustee or his successor to the insurance company to be full acquittance and discharge to said company of any and all claims against it by reason of said policy.

" 'That we will pay all taxes and assessments now due or which may become due on said premises or chargeable against said promissory note before the same shall become delinquent, and that we will keep all fences, buildings and other improvements on said premises in good condition and repair, and will do no act by which· the said premises may be impaired.'

"3.  The said claim of Huey & Philp against the said estate has been duly allowed by the administrator, and has been duly approved and classified as a third-class claim by said County Court.

"4.  During the lifetime of said decedent he effected insurance upon the building on said mortgaged premises and delivered the policies to said George A. Trumbull, trustee, in accordance with the terms of said covenant contained in said deed of trust, which policies of insurance have, since the death of said Dr. George W. Ewell, and before the fire hereinafter mentioned, expired and become of no further force or effect.

"5.  Upon the expiration of the policies of insurance mentioned in the foregoing paragraph the plaintiff herein, as administrator aforesaid, effected other insurance upon said mortgaged premises, receiving from the insurance companies with whom he affected said insuranc the five policies of insurance mentioned in his petition herein,—each of said policies reciting that the assured thereunder was the estate of Dr. George W. Ewell, deceased, and also containing the following provisions, to wit:

'Loss, if any, payable to G. A. Trumbull, trustee for Huey & Philp, as per mortgage clause attached to and made a part of this policy.' The said mortgage clause being in words as follows, to wit:

" 'N. Y. Standard.

" 'Mortgage clause with full contribution.

" 'Loss, or damage, if any, under this policy, shall be payable to G. A. Trumbull, trustee for Huey & Philp, mortgagee (or trustee) as interest may appear, and this insurance as to the interest of the mortgagee (or trustee) only therein shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by any foreclosure or other proceeding or notice of sale relating to the property, nor by any change in the title or ownership of the property, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy; provided, that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee (or trustee) shall, on demand, pay the same.

" 'Provided, also, that the mortgagee (or trustee) shall notify this company of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of said mortgagee (or trustee), and, unless permitted by this policy, it shall be noted thereon and the mortgagee (or trustee) shall, on demand, pay the premium for such increased hazard for the term of the use thereof; otherwise this policy shall be null and void.

" 'This company reserves the right to cancel this policy at any time as provided by its terms, but in such case this policy shall continue in force for the benefit only of the mortgagee (or trustee) for ten days after notice to mortgagee (or trustee) of such cancellation and shall then cease, and this company shall have the right, on like notice, to cancel this agreement.

" 'In case of any other insurance upon the within described property this company shall not be liable under this policy for a greater proportion of any loss or damages sustained than the sum hereby insured bears to the whole amount of insurance on said property, issued to or held by any party or parties having an insurable interest therein, whether as owner, mortgagee, or otherwise.

" 'Whenever this company shall pay the mortgagee (or trustee) any sum for loss or damage under this policy, and shall claim that, as to the mortgagor or owner, no liability therefor existed, this company shall, to the extent of such payment, be thereupon legally subrogated to all the rights of the party to whom such payment shall be made, under all securities held as collateral to the mortgage debt, or may, at its option, pay to the mortgagee (or trustee) the whole principal due or to grow due on the mortgage, with interest accrued thereon to the date of such payment, and shall thereupon receive a full assignment and transfer of the mortgage and all of such other securities; but no subrogation shall impair the right of the mortgagee (or trustee) to recover the full amount of his or its claim.'

"6. The said five policies of insurance so procured by said administrator were delivered by him to said Huey & Philp as soon as issued, and are now held by them.

"7. The premiums upon said policies of insurance so procured by said administrator as aforesaid were paid by him out of the general funds of the estate in his hands, upon which said funds the said Huey & Philp had no lien.

"8. During the time that the aforesaid policies of insurance procured by the administrator as aforesaid were in force, the building so insured was damaged by fire, and the amount of such damage has been adjusted by and between the administrator and the said insurance companies by whom said policies had been issued, at the sum of $792, and the said Huey & Philp have acquiesced in this adjustment and are satisfied therewith, but the said insurance companies have not paid said sum of $792, or any part thereof, because they require as a prerequisite to such payment a joint receipt from said administrator and said Huey & Philp, and neither of these parties have been willing to give such a receipt unless the other will allow him to have the money, and this neither one has been willing to agree to.

"9. The damage to said building by said fire has been repaired by the administrator and put in as good condition as before the fire, and such repairs have been paid for by him out of the general funds of the estate, upon which said funds the said Huey & Philp have no lien.

"10. There are other creditors of the said estate beside the said Huey & Philp, and it is uncertain whether there is sufficient property belonging to the said estate to pay all of the claims against it, and this can not be determined until the estate is ready for final settlement."

*Opinion.*—The mortgage or trust deed contained two covenants: (1) To keep the building on the mortgaged premises insured for the benefit of the holders of the mortgaged debt in a sum not less than $500, and deliver the policies to the trustee, giving to such trustee, or his successors, full power to demand, receive, and collect, by suit or otherwise, the insurance money which is to be applied to the payment of the mortgage debt. (2) To pay all taxes and assessments now due or which may become due on said premises, or chargeable against said promissory note, before the same shall become delinquent, and to keep all fences, buildings, and other improvements on said premises in good condition and repair, and will do no act by which the value of said premises may be impaired."

These covenants were each binding upon the mortgagor. The covenant to insure for the benefit of the mortgagee is a personal covenant, not running with the land. Dunlap v. Avery, 89 N. Y., 592; Reid v. McCrum, 91 N. Y., 412; Jones on Mort., sec. 400. The covenant to repair was binding upon the mortgagor, and is a covenant running with the land. Taylor, Landl. and Ten., 8 Ed., sec. 331; 2 Dev. on Deeds, sec. 940.

The covenant to repair is binding upon a purchaser of the property with notice thereof, and is binding upon the administrator to the extent of the assets of the estate that came to his hands. The statue makes it the duty of the administrator "to take such care of the property of the estate of his intestate as a prudent man would of his own property, and if there be any building belonging to the estate, it shall be his duty to keep the same in tenantable repair, extraordinary casualties excepted, unless directed not to do so by the court." Rev. Stats., art. 1983.

During the pendency of the administration the insurance upon the buildings located upon the mortgaged property expired. The administrator procured insurance thereon in the sum of $5000, in favor of the estate of George W. Ewell, deceased, with a stipulation in the face of the policies to the effect that the loss, if any, should be paid to the trustee for the mortgagees as their interest should appear. During the lifetime of these policies the buildings were damaged by fire in the sum of $792. The amount of damage is acquiesced in by all parties in interest. The insurance company refused to pay the loss except upon the joint receipt of the administrator and mortgagee. While the matter thus stood, the administrator repaired the loss and restored the damaged buildings in as good condition as they were before the fire. By the terms of the policies it was the estate that was insured. Except for the saving provision in the policies, protecting the mortgagee from the consequences of the acts and omissions of the mortgagor, there could be no recovery upon the policy by the mortgagees, Huey & Philp, unless the administrator could do so. 1 Jones on Mort., sec. 406.

The usual effect of the provision in the policy "that the loss, if any, is payable to the mortgagee as his interest may appear, is the same as if the policies had been assigned to the mortgagees (Huey & Philp) as collateral security for their debt. Jones on Mort., sec. 407.

It would seem that the object of the insurance was to safeguard the security and provide against the loss of the same to the mortgagees. The object of the covenants contained in the deed of trust was to preserve the security and keep the same intact for the benefit of the mortgagees. The administrator has fully rehabilitated the buildings and thus restored the security. He has performed the covenant to repair contained in the deed of trust.

The mortgagees contend that they are also entitled to the insurance money by reason of the covenant for insurance contained in the deed of trust. In this contention we can not concur. They have received the benefit of the covenant of the greatest dignity contained in the deed of trust. It would be inequitable to give them now the insurance money which represents the damage done to the buildings by the fire. The damage has been made good to them by the action of the administrator in rehabilitating the buildings to their original condition. The money to restore these buildings was taken from the general funds of the estate. The administrator paid the premium on the insurance policies out of the funds belonging to the estate. There is no contention that the

administrator, in doing what he did do, failed to act with good judgment and as a prudent man would have acted.

We conclude that the administrator, having fully restored the property to the condition it was before the fire is entitled to collect the insurance. In re Moore, 6 Daly (N. Y.), 541; Jones on Mort., sec. 406.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*