KANSAS CITY REGAL AUTO COMPANY, Respondent, v. OLD COLONY INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, May 21, 1917.

1. **INSURANCE, THEFT:** Automobiles: Value. When an automobile is stolen from its owner, who has it insured against theft, and the car is located and recovered in another State and city by the Insurance Company, the Insurance Company's obligation does not end there, for they must return it to the owner with indemnity for damages to it, or pay the face value of the Insurance policy. A mere offer by the Insurance Company to turn the car in another State over to the plaintiff there and in addition to pay all damages by reason of theft is not a sufficient compliance with its Insurance policy, in order to defeat a recovery of the face value of the policy.

2. ————: Evidence: Waiver. In order for an Insurance Company to show a waiver, by an owner of an automobile of its return to him so as to defeat a recovery for the face value upon a theft Insurance policy, it must do so by clear and distinct evidence that such a waiver was made.

Appeal from Jackson Circuit Court.—*Hon. O. A. Lucas,* Judge.

AFFIRMED.

*George Kingsley* for appellant.

*Lathrop, Morrow, Fox & Moore* for respondent.

BLAND, J.—This is a suit upon a policy for theft insurance written by the defendant upon an automobile owned by plaintiff.

The facts concerning the theft of the car in question may be gleaned from a reading of the case of Kansas City Regal Auto Company v. Old Colony Insurance Company, 187 Mo. App. 514. This case is the same as that one. In the former case the judgment was reversed and the cause remanded and on another trial plaintiff again recovered and defendant appealed, but the matters submitted to us in this appeal are entirely different from those decided by the former appeal.

It appears from the evidence that the defendant located the stolen car at Ottawa, Illinois, and there brought a proceeding to recover possession of it, and after having so recovered it took it to Peoria, Ill., where it was stored.

Appellant claims as this type of insurance is indemnity insurance, that it was only required to make plaintiff whole in case of loss under the policy rather than pay the face of the policy, and that as it had recovered the car plaintiff was under the obligation to receive back the car upon the payment of defendant of all damages caused by reason of the theft. We believe that this contention of appellant's to be a correct one, but we find nothing in the record to show that the defendant ever returned the automobile to Kansas City where it was stolen and offered it to the plaintiff, together with all damages plaintiff sustained by reason of the theft.

We do not think that appellant discharged its obligation by notifying plaintiff that the automobile was in a garage at Peoria, Illinois, and offering to turn over the car to plaintiff there and, in addition, to pay all damages by reason of the theft. Plaintiff in Kansas City had no way of knowing what was the damages to the car stored in Peoria, Illinois. Nor do we believe it should have been required to settle the damages without knowing what liens had been created against the car since the theft, and with no certain information of what would be the exact cost of returning the car to Kansas City, to say nothing of the

value of the time that plaintiff would have to devote to the matter of returning the car. In other words, if plaintiff were required to settle with defendant under the circumstances with the car at Peoria, Illinois, it would have been forced to settle in the dark. Plaintiff's insurance was one of complete indemnity and to force the situation on plaintiff demanded by defendant would not be giving the former its full right under the policy, consequently, we do not believe that plaintiff was fully indemnified until the car was returned to Kansas City by defendant. We do not mean that it should have been returned to the exact spot from which it was stolen, but it should have been brought to a place in Kansas City where plaintiff could have conveniently received it. There is some evidence tending to show that plaintiff waived the return of the car to Kansas City, but we do not regard this evidence sufficient as a matter of law to show a waiver, and as the jury found in favor of plaintiff, its finding on this issue is binding upon us.

The evidence adduced by defendant to show waiver was to the effect that defendant's agent went to plaintiff's attorney in Kansas City, Missouri, and offered to return the car and pay any damage to plaintiff that was occasioned by the theft, and plaintiff's attorney said that he did not want the car but wanted the money. The testimony on this point, however, shows that plaintiff's attorney did not refuse to accept the car in case defendant refused to pay the money. We think this is clearly shown by the following question and answer:

"Q. Did he say he would not accept the car, did he say that he did not want the car? A. I think, yes, that they could not accept the car."

This testimony certainly does not show definitely that plaintiff waived the right to have the car returned to Kansas City. In fact, the testimony on this point is so indefinite that we seriously doubt as to whether the matter should not have been taken away from the

jury entirely.  So far as the evidence shows, the car was never taken away from Peoria, Illinois. and as it is our opinion that plaintiff was not fully indemnified until the car was returned to Kansas City and all damages caused to plaintiff by reason of its theft paid by defendant, plaintiff was clearly entitled to recover the value of the car.

The judgment is affirmed.  All concur.