## COX, Inc., v. AMERICAN FIRE & MARINE INS. CO.

### No. 10605.

Court of Civil Appeals of Texas. Dallas.
April 30, 1930.

Rehearing Denied May 24, 1930

900

Touchstone, Wight, Gormley & Price, of Dallas, for appellant.

W. H. Hall and Owen T. Lewis, both of Dallas, for appellee.

VAUGHAN, J.

On December 31, 1927, one D. A. Little stored an automobile owned by him with appellant and received the following storage check: "Cox Incorporated, B–16220. Storage phone Y–3643. . Automobile storage check. We do not inspect for property left in cars and are not responsible for its loss, nor for damage to car by unavoidable accident, fire or storm. The car is deliverable to the bearer hereof. If this is not agreeable your signature must be left on the check stub for identification purposes." The automobile stored was a Chrysler 1926 model, coach serial W–D–740–Y motor No. 124493. That about two and one-half hours after said car was received by appellant said Little called for his car, presenting his storage check, when it was ascertained that said car had been stolen from appellant's garage; that on the date of said theft and prior thereto there was in force and effect a policy issued by appellee, American Fire & Marine Insurance Company, to said Little, covering loss by theft of said automobile in the sum of $860, which sum appellee was compelled to and did pay to said Little to cover the loss of said car under the terms and provisions of said insurance policy; that under the terms of said insurance policy and agreement between appellee and said Little at the time of making the payment of said sum of $860, appellee was subrogated to all the rights, title, and interest of said Little in said automobile, and he expressly transferred and assigned to appellee his cause of action against appellant. On January 10, 1928, a tentative settlement was had between said Little and appellant, which gave rise to the following acts and agreement on their part: Appellant paid to said Little the sum of $350 in full settlement of damages or indebtedness due him by appellant account the loss of said car above the sum of $860, under the agreement that the instrument evidencing the payment of said $350 should not in any wise operate as a full settlement for or release of the claim or demand that said Little might have against appellant by reason of the loss or theft of said automobile, in that, said sum of $350 was paid and accepted as settlement of said loss or damage only to the extent said loss or damage exceeded the sum of $860, the

amount of the insurance policy covering theft of said car; the liability of appellant for the loss occasioned by the theft of said car to the extent of $860 being left free for determination by judicial proceedings or otherwise. Appellant had notice that Little was indemnified to the extent of $860 against loss by theft of said car at the time of making payment of said sum of $350 to said Little and left in abeyance the payment of $860, or the difference between the cash market value of said car, viz., $1,210. (agreed by said Little and appellant to be its market value), and the $350 paid by it to said Little. Pleadings of the parties were sufficient to raise properly the essential issues for the determination of the right of appellee to recover as a subrogatee of said Little, and the defense urged thereto by appellant that the automobile having been stolen, and the theft thereof not being due to any act of negligence on its part, appellant was not liable therefor. In answer to the only special issue submitted, the jury found the following facts, viz.: That appellant and its employees did not use ordinary care for the safe-keeping of the automobile in question on the occasion of said theft. On this verdict, judgment was rendered May 10, 1929, in favor of appellee against appellant for the sum of $390.10, with interest thereon at the rate of 6 per cent. per annum from December 31, 1927, and all costs of court, from which judgment appellant duly prosecuted its appeal, predicated upon the following propositions:

"No. 1: Appellee having pleaded and agreed in open court that the market value of the automobile in Dallas at the time of the theft was $1210.00, and having pleaded and admitted that it recovered the said automobile and sold the same in Los Angeles, California, and it being apparent that it sold the same without notice to appellant, although it knew the appellant's equities therein, its legal measure of damages in the premises was the market value of the car at Dallas at the time it recovered the car, plus the expenses of transporting said car back to Dallas, and having failed utterly to prove such legal measure of damages, the judgment rendered herein is wholly unsupported by the evidence, and deprives appellee of its property without due process of law. .

"No. 2: Appellee having pleaded and abundantly proved herein not only that appellant had failed to return the car to Little, but also that said car was stolen from the garage of appellant, and by such proof of theft having destroyed any presumption of negligence by appellant, and failing thereafter to produce competent probative evidence to show that the theft was due to the negligence of appellant, appellant was entitled to the peremptory verdict requested."

Following is all of the evidence introduced as to the market value of the automobile at

the time it was recovered: E. W. Dunn, a citizen of Los Angeles, Cal., testified by deposition as follows: "I live in Los Angeles, California. I sold this car on May 11, 1928, to Walter E. Harrison for $600.00; I was familiar at that time with the resale value of this particular type of automobile, having watched the sales through assurance applications passing through my hands covering cars sold at this (that) time. I was further aided by the publication known as 'Motor Facts,' which is the average selling price of reconditioned automobiles in Los Angeles, California. * * * Prior to that time I had experience in buying and selling secondhand cars, particularly of the type this one was, in my capacity as adjuster for various insurance companies. It was necessary for me to have the following necessary repairs made before I sold the car: reline 4-wheel brakes $16.50; cut polish body $6.00; machine two brake drums $2.50; ignition 75¢; one inner tube $2.00; making total of $27.50. I was also required to pay a commission of $60.00 to a dealer for selling the car, which commission was computed on a basis of ten per cent. which is a customary fee for authorized dealers in Southern California."

■■ The testimony of witness Dunn was without probative effect in so far as establishing the value of the car at Dallas, Tex., at the time it was recovered in Los Angeles, Cal., in that it did not tend to establish in any respect the difference between the market value of the automobile at Dallas immediately before and at the time of the theft thereof and its market value immediately after same was recovered in Los Angeles by appellee from the police department of that city. This was an essential prerequisite to the right of appellee to recover, the true measure of damages in this case being the difference between the market value of the automobile at Dallas immediately preceding the theft of same and its market value at Dallas at the time it was recovered by appellee at Los Angeles. Ara v. Rutland (Tex. Com. App.) 215 S. W. 445; Kansas City Regal Automobile Co. v. Old Colony Ins. Co., 196 Mo. App. 255, 195 S. W. 579.

■ For want of legal evidence establishing the correct measure of damages, the court erred in rendering judgment in favor of appellee for any sum and appellant's motion for a new trial on that ground should have been granted.

■■ The general rule that the failure to introduce the quantum of evidence necessary to establish a cause of action will require a cause to be reversed and rendered would be here enforced 'but for the fact that it is 'apparent that the trial court, on account of the peculiar situation presented by the facts of this case, failed through inadvertence to observe the general rule of law governing the character. of evidence required to establish the measure of damages sustained on account of injury to property, as in the instant case.

■ Appellant's second proposition presents as error the submission by the trial court of the issue as to whether or not the theft of the automobile was the result of and due to the negligence of appellant and its employees. This proposition is necessarily based upon the assumption that there was no evidence to support a finding that the theft of the automobile in question was due to the negligence of the officers or employees of appellant. As this case will have to be reversed, it would be improper for us to discuss the testimony bearing upon this issue, further than to call attention to the general effect of same. The evidence established that appellant had adopted a system for receiving, caring for, and delivering cars under which storage checks and stubs thereof bearing the same number were used, the stub being attached to the automobile received for storage and the storage receipt portion being delivered to the person storing the automobile; that cars thus received and receipted for were not permitted to be removed from the place of storage by any one other than an employee and only when to be delivered by such employee to the person calling for same and surrendering the storage receipt. Appellant conducted its business in a building of five stories, equipped with four elevators for the purpose of storing automobiles on the upper floors; that only employees of appellant were permitted to operate the elevators; that as to regular customers such storage receipts were not required to be used, the employees relying upon their acquaintance with such customers and knowledge of their respective cars; that the car involved was stolen within two and one-half hours after it had been received by appellant for storage; that on this particular occasion appellant had four regular employees to receive and deliver cars and, in addition thereto, on account of the holiday rush, had employed six extra hands to assist in that respect. This, together with other evidence contained in the record bearing upon the location of appellant's business, general arrangements, and surroundings, we think was sufficient to require the court to submit the issue complained of. Whittington v. Cameron Compress Co. (Tex. Civ. App.) 268 S. W. 216, affirmed 280 S. W. 527, by the Commission of Appeals.

Because of the error herein designated, the judgment of the trial court is reversed, and cause remanded.

Reversed and remanded.

LOONEY, J. (dissenting).

Only two issues were involved in this suit, liability and the amount of damages. Plaintiff won in the court below, but on review we

902

held that, while the issue of liability was correctly determined, the court erred in measuring the damages; hence, we agreed that the case would have to be reversed and remanded, but my insistence is that, as these issues are severable, the paramount issue, that of liability, having been legally determined, no good reason exists for the retrial of that issue, but that the case should have been remanded with directions that further proceedings be confined to the ascertainment, under correct rules, of the quantum of relief. I dissent, therefore, from the feature of the judgment requiring a retrial of the whole case.

I respectfully submit that my position is sustained, not only by an applicable rule, but by repeated decisions of our appellate courts. Rule 62a for Courts of Civil Appeals reads in part as follows: " * * * And if it appear to the court that the error affects a part only of the matter in controversy, and the issues are severable, the judgment shall only be reversed and a new trial ordered as to that part affected by such error. * * *" Texas Jurisprudence, vol. 3, p. 1242, § 869 announces the following doctrine on the subject: "As stated in an earlier section, the appellate court has power to treat issues as distinct for the purpose of reversal as to particular issues. A remand only for the purpose of ascertaining the damage or other relief, that plaintiff is entitled to is a particular application of this general rule. Furthermore, as already noticed, the fact that insufficient data is before the appellate court as to damages or other relief is a reason for remanding the cause. Accordingly, if the contest as to the amount of the relief is separable from other issues, the appellate court, on ordering the remand, may direct that the further proceedings in the trial court be confined to an inquiry as to the quantum of relief that should be granted. * * *" This text is supported by the following adjudicated cases: Cooper v. Austin, 58 Tex. 494; Shirley v. Waco Ry. Co., 78 Tex. 150, 10 S. W. 543; Marshall v. City of San Antonio (Tex. Civ. App.) 63 S. W. 138, 148; Southern Irr. Co. v. Wharton Nat. Bank (Tex. Civ. App.) 144 S. W. 701, 704; Nona Mills Co. v. Jackson (Tex. Civ. App.) 159 S. W. 932, 933; Diffie v. White (Tex. Civ. App.) 184 S. W. 1065, 1070; Fielder v. Houston Oil Co. (Tex. Com. App.) 210 S. W. 797; Merryman v. First Nat. Bank (Tex. Civ. App.) 288 S. W. 840, 841.

We have heard and read much in recent years regarding the necessity for judicial reform. At our annual bar associations and association of judges, consideration of this subject consumes more time than any other. The reforms sought are, on final analysis, to simplify procedure, expedite litigation, and lessen expense; hence I submit that wherever, under authorized procedure, one or all of these ends may be attained, as can be in the

case at bar, such procedure should be employed. The issue of liability having been properly determined, and as it is in no sense dependent upon the subsidiary issue of damages, a retrial of the case, confined alone to the question of damages, would unquestionably simplify and tend to expedite further proceedings, and, in accomplishing these results, would also obviate the necessity for creating costs, which otherwise would have to be incurred.

For these reasons, I think the case should have been remanded with the instructions above indicated.