Argued June 4; affirmed July 14, 1931.

# MEADER ET UX. *v.* FARMERS' MUTUAL FIRE RELIEF ASS'N

(1 P. (2d) 138)

*Charles W. Reames,* of Medford, for appellant.
*Porter J. Neff,* of Medford, for respondents.

KELLY, J. It is claimed by defendant that the transfer of the insured property by Sander rendered the policy void.

Two reasons are assigned. One is that because notice was not given to defendant of said transfer, the

provision on that subject conforming to the standard form of insurance policy and section 8 of the bylaws of defendant were both violated.

The other is that when the transfer was made it terminated Sander's membership in the defendant association; and that policies are effective only in favor of those who are members; hence, when Sander's membership ceased, the policy issued to him beame ineffective and void.

■ The question, whether plaintiff could recover upon the policy in suit, hinges upon whether the law applicable to stock insurance companies is applicable to mutual insurance associations with reference to the right of a mortgagee to recover after the breach of one of the conditions of the policy by the insured when by the terms thereof the loss, if any, is made payable to the mortgagee as his interest may appear.

In *Smith v. Germania Fire Insurance Co.*, 102 Or. 569 (202 P. 1088, 19 A. L. R. 1444), this court, speaking through Mr. Justice Brown, construed the standard mortgage clause reading:

"If, with the consent of this company, an interest under this policy shall exist in favor of a mortgagee or of any person or corporation having an interest in the subject of insurance other than the interest of the insured as described herein the conditions hereinbefore contained shall apply in the manner expressed in such provisions and conditions of insurance relating to such interest as shall be written upon, attached or appended hereto."

Attention was there called to a long list of cases holding that where, as in the case at bar, a policy provides that if any interest thereunder shall exist in favor of a mortgagee, the conditions "hereinbefore contained" shall apply in the manner expressed in such conditions relating to such interest "as shall be

written upon, attached or appended thereto," a violation of the conditions by insured *will not affect the rights of the person for whose benefit a loss-payable clause is attached or indorsed* on the policy *unless such indorsed or attached clause also contains or refers to the conditions mentioned in the body of the policy;* and such holding was approved.

Cases holding to the contrary were also cited. Among those so cited is *Brecht v. Law Union & Crown Ins. Co.,* 160 Fed 399. This case is one upon which defendant elaborates. It is also reported in 18 L. R. A. (N. S.) 197. It is of interest to note that in an exhaustive note thereto the learned editors of that publication, referring to the provisions that conditions of insurance as to mortgagee be written upon the policy or attached thereto, say:

"In the construction of this clause, the weight of authority is against the conclusion reached in the Brecht case. That conclusion, that such provision was intended to apply only in cases where the insurer by some special agreement with the mortgagee, consented to the modification or waiver of the conditions in the policy, finds support only in the four following cases: *Delaware Ins. Co. v. Greer,* 61 L. R. A. 137, 57 C. C. A. 188, 120 Fed. 916; *Vancouver Nat. Bank v. Law Union & Crown Ins. Co.,* 153 Fed. 440; *Franklin Ins. Co. v. Wolff,* 23 Ind. App. 556 (54 N. E. 772), and *Ritchie County Bank v. Fireman's Ins. Co.,* 55 W. Va. 261 (47 S. E. 94), (in which no reference was made by the court to such clause except to set it out; but recovery was denied to a mortgagee because of a breach of policy by the owner, and the policy was treated exactly as if it contained no more than a loss-payable clause). The greater number of cases, however, have emphatically dissented from such construction, as it leaves the policy in the same condition as if the clause did not exist, and as if the policy contained no other reference to the mortgagee than the loss-payable clause."

Defendant argues this construction of these provisions of the policy is not applicable to policies issued by mutual companies. In that respect we find no distinction in reason nor upon authority between policies issued by mutual companies and those issued by stock companies.

The principle was applied by the Supreme Court of Iowa in the case of *People's Savings Bank v. Retail Merchants' Mutual Fire Insurance Ass'n*, 146 Iowa 536 (123 N. W. 198, 31 L. R. A. (N. S.) 455). There the mortgage clause provided that fifteen days' notice of any delinquency on the part of the mortgagor should be given to the mortgagee before suspension or cancellation could be made affecting the mortgagee's interests. No such notice was given and, although the delinquency of the mortgagor was contemporaneous with the issuance of the policy, recovery by the mortgagee was upheld.

Defendant cites the statutory provisions to the effect that no policy of insurance shall be issued by a mutual fire insurance company to other than a member of such company (§ 46-1701, Oregon Code 1930); and also section 1 of article II of its constitution, which reads:

"Article II, Object. Section 1. The object of this association shall be the mutual protection of its members only who suffer loss by fire, or lightning, and not for profit."

From these provisions, defendant argues that it was not necessary to add to the mortgage clause the provision "subject to the conditions of the policy" in order to overcome the effect of the clause providing that a violation of the conditions by insured will not affect the rights of the mortgagee, unless such mortgage clause also contains or refers to the conditions

mentioned in the body of the policy. There is no reference in either of these rules to the form of policy which mutual companies generally or the defendant particularly should employ; and the writer thinks that the effect thus claimed for them by defendant is not warranted.

The case of *Cranston v. California Ins. Co.*, 94 Or. 369 (185 P. 292), is one wherein the plaintiff was the owner of an automobile and claimed that defendant had insured it. The record disclosed that the plaintiff had breached one of the conditions of the standard form of policy. That case is clearly distinguishable from the one at bar because the rights of a mortgagee were not involved. The rights of a mortgagee were not involved in *Wilson v. Trumbull Mutual Fire Ins. Co.*, 19 Pa. St. 372, or *Pottsgrove Mut. Live Stock Ass'n v. Mauger*, 30 Pa. Dist. Rep. 175, cited by defendant.

Defendant's position is not strengthened merely because of a substantial repetition in its bylaws of the provisions requiring notice of any change in the title of the insured property and the fact that such bylaws, in respect to the mortgage clause, are thereinafter rather than thereinbefore printed in its policy. The breach by the mortgagor consisted of a failure to give notice of the change in the title of the insured property, and no reference to the provisions of the policy in that regard is contained in the mortgage clause.

To hold that a mutual fire insurance company cannot legally enter into a contract with one of its members to pay the loss, if any, to such member's mortgagee as the mortgagee's interest may appear, except by written application of such mortgagee, would seriously impair the efficiency of mutual companies, and, in the opinion of the writer, ought not to be announced

unless directly supported by statutory mandate. We find no such mandate. The writer, speaking for himself alone, believes that the right so to enter into such a contract is among the implied powers of organizations engaged in fire insurance business, when, as in the case at bar, the power of such organizations to insure is not limited by statute or articles of incorporation to unencumbered property.

■ In the case at bar, the policy was issued to a member of defendant association, thereby complying with the statute in that regard. Manifestly, its object was to protect its members from loss by fire, which is in conformity with article 2 of its constitution as above quoted. Simultaneously with its issuance, and by virtue of a duly signed clause therein, defendant entered into a contract for plaintiffs' benefit to pay to plaintiffs the loss, if any, by reason of the destruction by fire of the insured building as plaintiffs' interest as mortgagees might appear. The legal effect of this was to bring the mortgagees into contract relations with the insurer: *The Meriden Savings Bank v. Home Ins. Co.,* 50 Conn. 396, 399; *Union Inst. for Sav. v. Phoenix Ins. Co.,* 196 Mass. 230 (14 L. R. A. (N. S.) 459, 81 N. E. 994, 13 Ann. Cas. 403), citing *Palmer Sav. Bank v. Insurance Co. of N. A.,* 166 Mass. 189 (44 N. E. 211, 32 L. R. A. 615, 55 Am. St. Rep. 387) ; *Hastings v. Westchester Fire Ins. Co.,* 73 N. Y. 141; *Hartford Fire Ins. Co. v. Olcott,* 97 Ill. 439. Thereafter the plaintiffs and defendant were bound by the terms of the written contract thus made. The mortgagor's subsequent breach of one of the terms of the policy did not affect the contract relations between plaintiffs and defendant because the mortgage clause executed by defendant did not refer to the provisions of the policy nullifying the same in case of such breach.

■ Defendant seeks to avoid liability on the further ground that no application, policy or transfer fee was paid by plaintiffs. There is nothing to indicate that the mortgagor did not pay both the application and policy fees. But one application was made, and but one policy was issued. It must follow that but one of each of such fees need be paid. There was no transfer of the policy. The mortgage clause was executed when the policy was issued. No transfer fee ever became due or payable.

■ The testimony of one of the plaintiffs, that the insurance was assigned to him, could not have the effect of changing the record as disclosed by the written policy nor modifying the rules of construction applicable thereto.

■ Defendant contends that inasmuch as another dwelling house has been built upon the premises by the owner of the fee, and the remaining security is of greater value than the amount of plaintiffs' mortgage, plaintiffs have suffered no loss and hence no recovery should be awarded to them. This argument disregards the plain provision of the mortgage clause in defendant's policy. The destruction of the insured building caused a loss to the extent of the value of that building. Defendant agreed to pay that loss to plaintiffs as plaintiffs' interest therein might appear. The amount due to plaintiffs on their mortgage, together with the statutory attorney's fees, constitutes the maximum of plaintiffs' interest. In the case at bar, this was less than the amount for which the building was insured; and in the circuit court recovery was limited thereto. The amount awarded was recoverable irrespective of the value of the remaining security embraced within plaintiffs' mortgage.

120

*Uhfelder v. Palatine Ins. Co.*, 44 Misc. Rep. 153, 89 N. Y. S. 792; *The Aetna Ins. Co. of Hartford, Conn., v. Baker*, 71 Ind. 102; *Excelsior Fire Ins. Co. v. Royal Ins. Co.*, 55 N. Y. 343, 14 Am. Rep. 271; *DeWolf v. Capital City Ins. Co.*, 16 Hun (N. Y.) 116; *Kent v. Aetna Ins. Co.*, 82 N. Y. S. 817, 84 App. Div. 428; *Thompson v. National Fire Ins. Co. of Hartford, Conn.*, 48 S. D. 224 (203 N. W. 464); *Foster v. Equitable Mut. Fire Ins. Co.*, 68 Mass. 216; *Rex v. Merchants Ins. Co.*, 2 Phila. 357.

■ Defendant also argues that because Sander, the mortgagor, made no proofs of loss, plaintiffs, the mortgagees, could not maintain this action. The record discloses that within the time for filing proofs of loss, defendant denied and disclaimed all liability under the policy. This constituted a waiver of proofs of loss: *Hahn v. Guardian Assur. Co.*, 23 Or. 576 (32 P. 683, 37 Am. St. Rep. 709.)

■ Moreover, plaintiffs furnished proofs of loss. Where the mortgagor fails to comply with the provision requiring such proofs of loss, proofs executed and delivered by the mortgagee will be sufficient: 7 Cooley's Briefs on Insurance, 5776, and cases there cited.

The judgment of the circuit court is affirmed.

BEAN, C. J., RAND and ROSSMAN, JJ., concur.