OLD COLONY COÖPERATIVE BANK *vs.* YORKSHIRE
INSURANCE CO.

SAME *vs.* UNITED STATES FIRE INS. CO.

JUNE 30, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. These are actions of the case in assumpsit on
insurance policies covering a house owned by one Angelo
Beretta and his wife and mortgaged to the plaintiff. The
cases, at issue on their merits in the Superior Court, have
been certified to this court upon an agreed statement of
facts in accordance with the provisions of Section 4, Chapter
348, General Laws 1923.

The essential facts are as follows. The plaintiff is
the holder of a mortgage for $3,800 on a house and
lot in Pawtucket owned by the said Berettas. They
procured insurance on the house from defendant Yorkshire
Insurance Co., in the sum of $2,000, and from defendant

U. S. Fire Ins. Co., in the sum of $3,500. Attached as a rider to each of these policies was the so-called standard mortgagee clause reciting in part: "Loss or damage, if any, under this policy, shall be payable to Old Colony Co-operative Bank as first mortgagee (or trustee) as interest may appear . . . ."

On February 15, 1932, the insured building was damaged by fire to the agreed amount of $1,050. It is agreed that both policies were valid as to the plaintiff's interest therein at the time of the fire; that subsequent to the fire all acts necessary to preserve plaintiff's interest were done, and that plaintiff—whose mortgage interest on the date of the fire was $3,337—filed good and sufficient proofs of loss with each defendant. The proofs of loss filed by the Berettas were rejected by the defendants, who have continuously since the occurrence of the fire contended that it originated through the incendiarism of Angelo Beretta, and for this reason they have disclaimed liability to the Berettas under the policies.

Before the commencement of these actions the house was completely repaired by Angelo Beretta at his own expense and without the knowledge or consent of either the plaintiff or the defendants. Plaintiff at no time agreed with Beretta or with either or both of the defendants to accept any repairs by Beretta in lieu or in satisfaction of its claims to any sums which might be or become due and recoverable from defendants under the aforesaid policies. Because of the restoration of the house, the defendants refused to make any payment to plaintiff on account of loss, and the plaintiff instituted these proceedings in assumpsit.

The question presented for our determination is whether the plaintiff mortgagee is entitled to recover for the damage to the building despite the full and complete repairs made by Beretta, the insured mortgagor, before the bringing of suit against the defendants.

Under the standard mortgagee clause the amount of loss is payable to the mortgagee. Each defendant undertook to pay said amount to the plaintiff (the mortgagee) in case

of damage to the building by fire. This eventuality has occurred. What happened thereafter does not, under the contract, become a matter of defense for the insurers. There is no stipulation in the policies that payment shall not be required if the mortgagor repairs the property. The contracts expressly state that "this insurance as to the interest of the mortgagee (or trustee) only therein shall not be invalidated by any act or neglect of the mortgagor." The restoration of the property by Beretta comes within the literal meaning of this broad and comprehensive language. See *Hartford Fire Ins. Co.* v. *Olcott*, 97 Ill. 439; *Beaver Falls Bldg. & Loan Assn.* v. *Allemania Fire Ins. Co.*, 305 Pa. 290.

The nature of the mortgagee's rights under the standard mortgagee clause was considered and defined by this court in *Riddell* v. *Rochester German Ins. Co.*, 36 R. I. 240, in which, at p. 249, the court said: "It is generally held that a mortgage clause like the one quoted 'operates as a distinct, separate and independent insurance contract as between the mortgagor and the company in protection of the mortgagee's interest.' Clement on Fire Insurance, Vol. 1, 33 and cases cited." See also *Smith* v. *Union Insurance Co.*, 25 R. I. 260. The mortgagee's interest would obviously be impaired and its security weakened if the mortgagor, by making repairs without the knowledge or consent of the mortgagee, should be able to deprive the latter of its rights to the insurance money. It was the damage to the property that was insured against by the defendant companies and not actual inability of the plaintiff to collect its mortgage debt. To subject the mortgagee to the risk of litigating the question of the sufficiency of the repairs, or the time within which they must be made, would render imperfect the protection afforded by its insurance. The plain language of the rider clause was intended to obviate this risk.

Beretta need derive no undue advantage from a payment to the plaintiff. If the defendants are not liable to Beretta, they are, through their right of subrogation contained in the clause of the policy relating to payments to the mort-

gagee, entitled, subject to the plaintiff's prior rights, to resort to the mortgage security for reimbursement for the sums paid to the plaintiff. This clause, which was considered in *Smith* v. *Union Insurance Co.*, *supra*, reads as follows: "Whenever this company shall pay the mortgagee (or trustee) any sum for loss or damage under this policy and shall claim that, as to the mortgagor or owner, no liability therefor existed, this company shall, to the extent of such payment, be thereupon legally subrogated to all the rights of the party to whom such payment shall be made, under all securities held as collateral to the mortgage debt, or may at its option pay to the mortgagee (or trustee) the whole principal due or to grow due on the mortgage with interest, and shall thereupon receive a full assignment and transfer of the mortgage and of all such other securities; but no subrogation shall impair the right of this mortgagee (or trustee) to recover the full amount of his claim."

Proofs of loss were filed by the plaintiff on April 8, 1932, and subsequently the parties agreed on the amount of the loss. The policies provided that the loss should be payable "60 days after due notice, ascertainment, estimate and satisfactory proof of the loss have been received by this company in accordance with the terms of this policy." In accordance with the general rule, interest on the amount to which plaintiff is entitled should be allowed from the time when, under the terms of the policy, it was due and payable, to wit, sixty days after April 8, 1932. 33 C. J. 147.

Our decision is for the plaintiff against defendant Yorkshire Insurance Co. in the sum of $668.18, and against defendant United States Fire Ins. Co. in the sum of $381.83 with interest in each case from June 7, 1932.

The papers in each case, with our decision certified thereon, are ordered sent back to the Superior Court with direction to enter final judgment for the plaintiff therein in the amount specified.

*Tillinghast & Collins, Colin MacR. Makepeace,* for plaintiff.

*William A. Gunning,* for defendant.