Cheshire, }
Nov. 2, 1937. }

WELLS R. SARGENT

*v.*

FIREMEN'S INSURANCE CO.

*Arthur Olson,* for the plaintiff, furnished no brief.

*Faulkner & Bell,* for the defendant, furnished no brief.

WOODBURY, J. There is nothing in the facts reported to indicate that the defendant's policy of collision insurance was not in full force and effect when the loss occurred. Neither does anything therein contained indicate that the plaintiff took any part in either Mann's adjustment of the loss with the Hartford company or in his release of Jacobson from further liability. The sole question presented is whether or not the subsequent acts of the mortgagor in settling his loss and releasing his rights against the party responsible for that loss operate to release the defendant from its contractual obligation to the plaintiff.

No case directly in point has come to our attention. With respect to the closely analogous situation, however, in which a mortgagor makes a settlement with the insurer under a policy containing a simple loss payable clause the rule here is that "at the moment of the loss the rights of the parties were fixed. Whatever amount was secured by the policy to the extent of the mortgage debt was due to Woodman [the mortgagee]. To her the defendants were bound to pay it. Hall [the mortgagor] could not release the defendants from their obligation, nor defeat Woodman's right. He could no more adjust the amount of the loss than he could release it." *Hall v. Association*, 64 N. H. 405, 406. This rule is in accord with the weight of authority elsewhere. *First National Bank of Duluth v. Insurance Co.*, 156 Minn. 1; 38 A. L. R. 383; 26 C. J. 440; 13-14 Huddy, Encyclopedia of Automobile Law, (9th *ed.*) 234.

If a mortgagor's settlement with and release to an insurer does not discharge the latter's obligation to a mortgagee to whom the loss is made payable, we see no possible way in which a mortgagor's similar transaction with a third party can be held to produce the opposite result.

The fact that the named assured was a minor when the truck was sold to him and that he later rescinded the sale has no bearing upon the issue presented.

In accordance with the agreement of the parties in the Superior Court there must be

*Judgment for the plaintiff in the sum of $596.75*
*with interest from the date of the writ.*

All concurred.