**GRAND FORKS SEED COMPANY, a North Dakota Corporation, and Emma R. Smith, Plaintiffs,**

v.

**NORTHLAND GREYHOUND LINES, INC., a Delaware Corporation, Defendant.**

Civ. No. 3499.

United States District Court
D. North Dakota, N. E. D.

Jan. 15, 1959.

Harold D. Shaft (of Shaft, Benson & Shaft), Grand Forks, N. D., for plaintiffs.

Lewis H. Oehlert (of Nilles, Oehlert & Nilles), Fargo, N. D., for defendant.

RONALD N. DAVIES, District Judge.

This case, based upon diversity of citizenship and amount in controversy, giving this Court jurisdiction, was tried to the Court without a jury.

Only such of the facts as are necessary to a determination of the rights of the plaintiff, Grand Forks Seed Company (hereinafter referred to as Grand Forks Seed), and the defendant, Northland Greyhound Lines (hereinafter referred to as Greyhound), are herein set out.

On March 2, 1954, Grand Forks Seed leased a portion of the premises it occupied to Greyhound for a ten year period beginning April 1, 1954. A supplement to the lease also gave Greyhound the option of renewing for a five year period upon expiration of the primary term of ten years.

On April 1, 1954, Greyhound entered into possession of the leased premises in accordance with the lease provisions and did considerable remodeling to provide a bus depot therein, making additions and improvements costing in excess of $13,000.

Paragraph 4 of the lease provides:

"The Lessor agrees to pay fire insurance premiums on said building, in sufficient amount to cover the entire building, including additions or improvements, if any, made by Lessee during the term or any extended term of this lease, such insurance to name both Lessee and Lessor as insureds as their interests may appear."

Paragraph 10 of the lease reads in part: "Any structural additions or improvements permitted by the Lessor shall be at the sole cost and expense of the Lessee, and such structural additions and changes shall be and remain a part of the said premises and belong to the Lessor * * *".

Prior to the execution of the lease in question plaintiffs had been carrying $70,000 fire insurance coverage on the building. Following correspondence between Grand Forks Seed and Greyhound the insurance coverage was increased $13,000 to a total of $83,000, the new $13,000 policy naming plaintiff, Emma R. Smith, as owner, and Greyhound, in the loss payable clause *"as their interests may appear."* (Italics supplied.)

Greyhound then requested Grand Forks Seed to effect changes in the original insurance policies totaling $70,000 as to include Greyhound in the loss payable clauses. This request was complied with and resulted in all three policies covering the building carrying both Emma R. Smith and Greyhound as their interests may appear.

On January 23, 1957, the building was completely destroyed by fire. Following the loss each of the three insurance companies involved issued their respective checks in the amounts of $40,000, $30,-

000 and $13,000, or a total of $83,000. All three checks were made payable to the plaintiff Emma R. Smith, and Greyhound.

It is unnecessary particularly to concern ourselves with the plaintiff Emma R. Smith, since her rights concededly are the same and no greater than those of the plaintiff Grand Forks Seed. The rights to be adjudicated here are as between Grand Forks Seed and Greyhound, signatories to the Greyhound lease.

A disagreement arose as to disposition of the insurance monies. Grand Forks Seed took the position that since Greyhound prior to the date of the fire had 34 months' use of the property, Greyhound was entitled only to the remaining anticipated use of 86 months and on that basis believed Greyhound entitled to $86/120$ of the $13,000 or $9,316.38.

Greyhound, on the other hand, took the position that, the additional $13,000 having been taken out at its express request to cover improvements made by it, Greyhound was entitled to the full $13,000 of coverage.

Being unable to agree on a division of the insurance monies, and since Emma R. Smith and Greyhound were both payees on the three insurance drafts, the parties agreed that Greyhound would endorse and deliver to Grand Forks Seed the drafts for $40,000 and $30,000, respectively, concerning which there was no dispute, and that Emma R. Smith would endorse and deliver to Greyhound the disputed $13,000 draft with the understanding that Grand Forks Seed claimed $3,683.62 from the proceeds thereof. Greyhound denied this claim but agreed that if it should be judicially determined later that Grand Forks Seed was entitled to $3,683.62 or any lesser sum, Greyhound would refund and pay to Grand Forks Seed the amount so determined to be due (Plaintiff's Exhibits 15, 16 and 17).

The question squarely presented is: What are the rights of Grand Forks Seed and Greyhound, respectively, to the proceeds of the $13,000 policy in controversy?

■ It is well established that both the lessor and lessee have an insurable interest in leased property, and where the lease agreement stipulates that one of the parties shall keep the property insured for the benefit of the other, each is entitled to a proportionate interest in the proceeds. Fry v. Jordan Auto Co., 1955, 224 Miss. 445, 80 So.2d 53; 46 C. J.S. Insurance § 1144.

In Paragraph 10 of the lease it will be noted that any structural additions or improvements "shall be and remain a part of the said premises and belong to the Lessor." (Italics supplied.)

There can be no doubt that title to the structural additions and improvements in the instant case passed to the lessor immediately upon being made. That being determined, we turn to an interpretation of the phrase "as their interests may appear" found both in Paragraph 4 of the lease and in the covering insurance policies.

■ The words "as their interests may appear" are plainly prospective and refer not to an interest existing at the time the endorsement was written but as to such an interest as may appear at the time of loss, if any, without regard to the character of the interest or the time when it may have arisen. Atlas Reduction Co. v. New Zealand Ins. Co., 8 Cir., 1905, 138 F. 497, 9 L.R.A.,N.S., 433; Midland Loan Finance Co. v. Security Ins. Co., 1940, 208 Minn. 251, 293 N.W. 313.

■■ The tenant's insurable interest is the right to use the building during the continuance of his term. Where a fire insurance policy is issued jointly to the lessee and lessor, each is entitled to a proportionate interest in the proceeds of such insurance depending upon his interest in the property. Ingold v. Phoenix Assur. Co., 1949, 230 N.C. 142, 52 S. E.2d 366, 8 A.L.R.2d 1445.

■ The lessee had no insurable interest other than the right to use the improvements and betterments until the expiration of the lease. Lighting Fixture Supply Co. v. Fidelity Union Fire Ins.

Co., 5 Cir., 1932, 55 F.2d 110; Hale v. Simmons, 1940, 200 Ark. 556, 139 S.W.2d 696.

In Harrington v. Agricultural Ins. Co., 1930, 179 Minn. 510, 229 N.W. 792, 68 A.L.R. 1340, the lessee installed improvements and betterments under a lease that provided they would become the property of the lessor upon termination of the lease. The lessee took out an open fire insurance policy in his own name covering his interests in the property. The building was destroyed by fire shortly before the expiration of the lease, and the Court held that the lessee's interest therein was not more than the right of user for the purposes and duration of the lease and was entitled to collect only for the loss of his right to use the insured property for the remainder of the term and not the $12,000 value of the improvements and betterments which he had installed.

■ Greyhound's contention that the insurance was taken out by Grand Forks Seed solely for Greyhound's benefit or that Grand Forks Seed was the agent of Greyhound in securing the insurance is without support in the record. Extended research leads the Court to conclude that the only reasonable construction which may be placed on Paragraph 4 of the lease is that the obligation which Grand Forks Seed assumed was an obligation to keep the building insured against loss for the benefit and protection of both Grand Forks Seed and Greyhound. Fry v. Jordan Auto Co., supra.

■ In the instant case Greyhound had more at stake than a ten year lease. It had an option to renew the lease for an additional five year period upon the same terms and conditions contained in the original instrument. This Court concludes that Greyhound's rights as user for the unexpired term embraced the five year option period as well as the unexpired portion of the original lease and, hence, that Greyhound is entitled not to $86/120$ of the $13,000 insurance proceeds as urged by Grand Forks Seed, but rather to $146/180$ thereof or $10,544.-

44. Greyhound having retained the sum of $13,000 pending adjudication and the Court being of the opinion that Greyhound is entitled to only $10,544.44 thereof, plaintiffs herein are entitled to recover from defendant the sum of $2,455.-56 with interest thereon from the 24th day of April, 1957, at 4% per annum until the date of payment, and plaintiffs are further entitled to their costs and disbursements as hereinafter fixed by the Clerk of this Court.

The attorney for Grand Forks Seed will prepare and submit appropriate Findings, Conclusions, Order and Judgment in accordance herewith, as soon as practicable.

It is so ordered.